IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:14-00135-KD-N |
| | ) |
| WESLEY TUBBS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Wesley Tubbs' motion for reconsideration of his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 804), medical records (doc. 808-1) and letters in support (docs. 808, 809, 811, 812, 813, 816, 817 and 818)[1]. Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

Prior to his June 2014 arrest in this action, Tubbs had been convicted of several criminal offenses. In 1990, he was convicted of escape in the Perry County, Alabama Circuit Court. That same year, and also in Perry County, he plead guilty to attempt to possess cocaine. In 1994, also in Perry County, he pled guilty and was convicted of rape second degree.

---

[1] Tubbs writes that his medical conditions have worsened but he cannot see a doctor outside of the prison for consultations or testing because of Covid 19 and therefore he is not receiving proper treatment for his medical conditions. Tubbs writes that hewas scheduled to see a cardiologist, kidney specialist, testicle doctor, and hematologist. He asserts that the Court's decision to deny his motion for immediate release is effectively a death sentence. He also writes that staff and inmates are not following Covid 19 social distancing, masking, and hygiene requirements; that he and other inmates have been exposed to staff and inmates who tested positive for Covid 19; that he has no way to protect himself in the prison setting; and that a more contagious strain of Covid 19 is circulating. Tubbs also writes that he has been rehabilitated and will never break the law again, is not the same man that appeared before the Court, and that he has found God who changed his life. Tubbs also writes that his adult daughter, a heart transplant recipient, is seriously ill. Tubbs states that she is in "UAB hospital fighting for her life" and he needs to be released to be with her.

In 1997, Tubbs was indicted in this court for five drug related offenses. <u>United States v. Tubbs</u>, Criminal Action No. 2:97-00118-WS-M (S.D. Ala. 1997). He pled guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine. In October 1998, he was sentenced to a total term of 67 months. Tubbs' supervised release began October 2002. However, his release was revoked in March 2004, and he was sentenced to 60 months (Id., docs. 36, 48). Tubbs was alleged to have committed technical violations and one new offense (Id). Specifically, he was arrested by the Selma Police Department for possession of cocaine and drug paraphernalia in December 2003. Tubbs was released from his revocation sentence in July 2008.

At the time of his arrest in this action, June 18, 2014, Tubbs was the lead defendant in an 18-defendant, 31-count Indictment charging drug-trafficking and money laundering offenses including three forfeiture allegations. He also had charges pending in the Jefferson County, Alabama Circuit Court (2012) and Perry County, Alabama District Court (2013).

Tubbs was indicted and charged with one count of conspiracy to possess with intent to distribute crack cocaine, cocaine, and marijuana; two counts of attempt to distribute cocaine; three counts of attempt to distribute marijuana; one count of conspiracy to commit money laundering; and one count of food stamp fraud. He pled guilty to conspiracy to possess with intent to distribute controlled substances and money laundering conspiracy (Counts 1 and 27). At sentencing, his total offense level was 33 and his advisory Sentencing Guidelines range was 151 to 188 months. His criminal history category was II.

The United States filed an information to establish a prior conviction pursuant to 21 U.S.C. § 851 and 21 U.S.C. § 841(b)(1)(A), (B), and (C) (doc. 328). Thus, Tubbs was subject to a mandatory minimum of 240 months as to Count 1. In September 2015, he was sentenced to

serve 250 months as to Count One and 240 months as to Count Two, to serve, concurrent (doc. 672). A variance sentence outside the advisory guidelines range was imposed as to both counts. His conviction and sentences were affirmed on appeal (docs. 723, 726).

Tubbs moved the Court for immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or for home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621) (doc. 779). The motions were denied on August 26, 2020 (doc. 801).

Tubbs now moves the Court to reconsider its decision to deny his motion pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 804). Tubbs is 51 years old. His release date is March 19, 2032. He is incarcerated at FCI Oakdale I at Oakdale, Louisiana. At present, 2 inmates and 26 staff members are positive for Covid 19, 7 inmates have died, 226 inmates and 21 staff members have recovered. https://www.bop.gov/coronavirus/ (last visited March 17, 2021).

II. Reconsideration of the denial of a motion for compassionate release

The Court of Appeals for the Eleventh Circuit has held that a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is a continuation of the criminal proceedings. United States v. Craig, 786 Fed. Appx. 237, 238 (11th Cir. 2019) (citing United States v. Fair, 326 F. 3d 1317, 1318 (11th Cir. 2003)). The Eleventh Circuit has also held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); see also United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (S.D. Fla. 2020) (citing United States v. Russo, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) for the premise that "[c]ourts have tended to import the standards governing a civil motion for reconsideration into the criminal arena."). "In

adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (quoting United States v. Brown, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted)).

Tubbs argues that the Court should reconsider the factors in 18 U.S.C. § 3553(a), his multiple health conditions which place him at increased risk of severe illness or death should he contract Covid 19 while incarcerated, the conditions in FCI Oakdale I,[2] and his post-conviction rehabilitation, "along with the provisions of the First Step Act of 2018" and reduce his sentence to time served (doc. 804, p. 2-3). Tubbs points out that the First Step Act of 2018 amended 21 U.S.C. § 841(b)(1)(A), his statute of conviction for Count One, and reduced the statutory minimum from 20 years to 15 years for a person with a prior serious drug felony. Thus, if he were sentenced today, his mandatory minimum sentence would be lower than at time of sentencing. Tubbs argues that this reason – that the statutory minimum has been reduced - should be considered in combination with his reasons that are comparable to those described in Application Note 1(A)(ii)[3] and is an "other reason" as provide in Application Note 1(D), the

---

[2] Tubbs points out that he now has a low white blood cell count and that conditions in his prison have worsened after Hurricane Laura.

[3] Tubbs alleges that he has hypertension, heart disease, kidney disease, cholesterol, bleeding ulcers, acid reflux, and borderline diabetes (doc. 801, p. 7). Application Note 1(A)(ii)(I) provides that a defendant's physical or medical condition may qualify if certain criteria are met. Specifically, if the defendant is "(I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n. 1(A).

4

"catch all" provision of the Sentencing Commission's Policy Statement for reduction in terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13.

Alternatively, Tubbs raises another new argument. Tubbs argues that his sentence should be reduced from a total of 250 months to a total of 190 months. Tubbs again relies on the First Step Act's amendment to 21 U.S.C. § 841(b)(1)(A). He argues that the sentencing disparity between a person sentenced after the First Step Act as opposed to a person sentenced before the Act, such as he, constitutes an extraordinary and compelling reason to reduce his sentence and falls within Application Note 1(D), the "catch all" provision of the Policy Statement. U.S.S.G. § 1B1. Tubbs argues that the amendment to 18 U.S.C. § 3582(c)(1)(A), which allows an inmate to file a motion with the Court, gives the Court authority to grant his motion and amend his enhanced sentence. Tubbs argues that other "[c]ourt's have used compassionate release to fix unfair sentences and for other relief where no avenue previously existed." (doc. 804, p. 4). Tubbs argues that the goals of sentencing as set forth in 18 U.S.C. § 3553(a) would be met by reducing his sentence to 190 months, composed of 180 months plus 10 months as originally imposed as an upward variance.

Tubbs does not present any newly discovered evidence or argue that the Court committed a manifest error of law or fact. Instead, he presents two new arguments. However, a motion for reconsideration cannot be used to raise new arguments that could have been raised in the initial motion. PBT Real Estate, LLC v. Town of Palm Beach, - - - F. 3d - - -, 2021 WL 671583, at *9 (11th Cir. Feb. 22, 2021) (citing Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Even if the Court construed Tubbs' motion for reconsideration as a second motion for compassionate release, the motion would be dismissed for lack of authority.  Tubbs must first meet one of the two statutory requirements set forth in 18 U.S.C. § 3582(c)(1)(A). Specifically,

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

18 U.S.C. § 3582(c)(1)(A).

Moreover, and importantly, the Court has already determined that the relevant factors in 18 U.S.C. § 3553(a) do not weigh in favor of a reduction in sentence (doc. 801, p. 10).  In other words, Tubbs' new arguments based upon an alleged sentencing disparity[4] do not alter his history and characteristics or the seriousness of his offense and likely would not change the Court's decision that a reduction of sentence "would not meet the need for the sentence imposed to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense', or to adequately deter criminal conduct and 'protect the public from further crimes of the defendant.'" (doc. 801; citing 18 U.S.C. § 3553(a)(1) & (a)(2)(A),(B),(C)).

**DONE** and **ORDERED** this 17th day of March 2021.

                                            **s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] See 18 U.S.C. § 3553(a)(6) (The court, in determining the particular sentence to be imposed, shall consider …  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]").