IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )  CRIMINAL ACTION 1:14-00135-KD |
| | ) |
| WESLEY BARTHOLEMEW TUBBS, | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Wesley Bartholomew Tubbs (Defendant Tubbs)' letter motion construed as a Motion to Reduce Sentence based on Cooperation. (Doc. 839).

Specifically, on November 17, 2022, Defendant Tubbs moved for this Court to amend, modify, or correct the terms of the October 2, 2015 sentence (imprisonment of a term of 250 months as to Count 1 and 240 months as to Count 27 said terms to run concurrently) (Doc. 672) because of providing cooperation (substantial assistance) to the State of Alabama by testifying at a double homicide trial.

<u>Federal Rule of Criminal Procedure</u> 35(b) provides for sentence reduction based on substantial assistance (cooperation):

> **(b) Reducing a Sentence for Substantial Assistance.**
> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > **(A)** information not known to the defendant until one year or more after sentencing;
> > **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> > **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly

1

provided to the government after its usefulness was reasonably apparent to the defendant.

**(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

**(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

Per the Eleventh Circuit in in U.S. v. Phillips, 597 F.3d 1190, 1194-1197 (11th Cir. 2010):

> .....§ 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).[10] Only § 3582(c)(1)(B) is relevant to the issue of whether the district court could modify the 324-month sentence imposed on December 5, 2008 based on the government's motion for reconsideration. Section 3582(c)(1)(B) provides:
>
>> The court may not modify a term of imprisonment once it has been imposed except that- (1) in any case- ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ....
>
> 18 U.S.C. § 3582(c)(1)(B). The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35. No party claims any other *statutory* authority is applicable here. Thus, we focus on Rule 35.
>
> Federal Rule of Criminal Procedure 35 significantly restricts how and when a district court may modify an imprisonment sentence. Rule 35(a) provides "....the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a)....Thus, under Rule 35(a), a court can correct a sentence only for "arithmetical, technical, or other clear error" ......
>
> .... this Court has held that the ..... limit in Rule 35(a) is jurisdictional, and that "[o]utside of Rule 35(c)[ ] there exists no 'inherent authority' for a district court to modify a sentence." .....

2

> .... Based on *Diaz-Clark* and § 3582(c)(1)(B), and absent other statutory authority, we know that a district court lacks jurisdiction to modify a defendant's original imprisonment sentence except within ....the [14] days as provided by Rule 35(a).

(<u>Id</u>. (footnote omitted)).  <u>See</u> <u>also</u> <u>generally</u> <u>United States v. Catalano</u>, 429 Fed. Appx. 943, 944 (11th Cir. 2011) (same).  Thus, "[o]nce a sentence is imposed, the 'authority of a district court to modify an imprisonment sentence is narrowly limited by statute.'"  <u>Phillips</u> *supra*. A district court has *no* "inherent authority" to modify a sentence that has already been imposed. <u>United States v. Diaz–Clark</u>, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002).  Additionally, Rule 35(a) specifies that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed.R.Crim.P. 35(a). The time limit imposed under Rule 35(a) is jurisdictional. <u>See</u>, e.g., <u>Phillips, 597 F.3d at 1196–1197</u>; <u>Diaz–Clark</u>, 292 F.3d at 1319.

Moreover, in <u>United States v. Rodriguez</u>, 846 Fed. Appx. 868, 870-871 (11th Cir. 2021) (denying a defendant's Rule 35(b) motion), the Eleventh Circuit noted:

> Federal Rule of Criminal Procedure 35(b) provides that the court may reduce a defendant's sentence after sentencing if the Government files a motion for a sentence reduction based on the defendant's substantial assistance in investigating or persecuting another person. Fed. R. Crim. P. 35(b). When the Government retains discretion under a plea agreement to decide whether or not to file a Rule 35(b) motion, a court may review the Government's refusal to file such a motion only if that refusal was based on an unconstitutional motivation, such as race or religion. *Forney*, 9 F.3d at 1502. To obtain review of the Government's discretionary decision not to file a substantial-assistance motion, the defendant must first make a "substantial threshold showing" that the refusal was based upon an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185–86... (1992)....
> ***
> ...the Government had discretion on the issue of substantial assistance, Defendant was required to make a substantial showing that the Government's decision not to file a Rule 35(b) motion resulted from an unconstitutional motivation. *Id.*...
> ***
> Neither "generalized allegations of [an] improper motive" nor "a claim that a defendant ... provided substantial assistance," however, satisfies a defendant's burden to make a substantial threshold showing of a constitutionally suspect motive. *Wade*, 504 U.S. at 186...

3

First, the motion before the Court was made by Defendant Tubbs, not the United States. Second, the motion was not made within one (1) year of sentencing. Third, even if the motion were filed by the United States and so filed more than one (1) year after sentencing, there is no indication that Defendant Tubbs' substantial assistance involved information under (A), (B), and/or (C) to excuse the one (1) year deadline. Fourth, as summarized in United States v. Whittaker, 2011 WL 1599236, *1 (M.D. Fla. Apr. 27, 2011):

> "Determining whether a motion for reduction of sentence will be filed is reserved to the government, which must ascertain what information the defendant has as well as the truthfulness and usefulness of this information before deciding whether it is appropriate to file a ... Rule 35(b) motion." *United States v. Orozco,* 160 F.3d 1309, 1315–16 (11th Cir.1998) (citing *Wade v. United States,* 504 U.S. 181, 185 (1992)). The government has " 'a power, not a duty to file a motion when a defendant has substantially assisted.' " *United States v. Forney,* 9 F.3d 1492, 1498 (11th Cir.1993) (quoting *Wade,* 504 U.S. at 185). However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade,* 504 U.S. at 185. Thus, "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" such as "the defendant's race or religion." *Id.* at 185–86.
>
> Judicial review of the government's refusal to file a Rule 35(b) motion is only appropriate where there is an "allegation *and* a substantial showing" of an unconstitutional motive. *United States v. Dorsey,* 554 F.3d 958, 961 (11th Cir.2009) (citing *Forney,* 9 F.3d at 1502) (emphasis in original). "A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or an evidentiary hearing." *Id.*

Defendant Tubbs merely claims substantial assistance, and notably has not alleged or made a substantial showing of an unconstitutional motive.

Fifth, Rule 35(a) of the Federal Rule of Criminal Procedure significantly restricts how and when a district court may modify an imprisonment sentence: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). This time limit is jurisdictional. Phillips, 597 F.3d at 1196; Diaz–Clark, 292

4

F.3d at 1319. A review of the record reveals no such error. And Defendant Tubbs' motion was filed more than 14 days after the October 2, 2015 sentencing (more than seven (7) years later).

Upon consideration of the foregoing, it is **ORDERED** that Defendant Wesley Bartholomew Tubbs' letter motion construed as a Motion to Reduce Sentence based on Cooperation (Doc. 839) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **December 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**