**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 2:14-00135-KD-N** |
| | ) | |
| **WESLEY BARTHOLOMEW TUBBS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Wesley Bartholomew Tubbs (doc. 852) and supporting documents (docs. 851, 852, 854).  Upon consideration, and for the reasons set forth herein, the Motion is denied.

I. Background

Prior to his June 2014 arrest in this action, Tubbs had been convicted of several criminal offenses. In 1990, he was convicted of escape in the Circuit Court of Perry County, Alabama. That same year, also in Perry County, he pled guilty and was convicted of attempt to possess cocaine.   In 1994, also in Perry County, he pled guilty and was convicted of rape second degree.

In 1997, Tubbs was indicted for five drug related offenses. United States v. Tubbs, Criminal Action No. 2:97-00118-WS-M (S.D. Ala. 1997).  He pled guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine. In October 1998, he was sentenced to a total term of 67 months. Tubbs' supervised release began in October 2002.  However, his release was revoked in March 2004, and he was sentenced to 60 months (Id., docs. 36, 48).  Tubbs was alleged to have committed technical violations and one new offense (Id).  Specifically, he was arrested by the Selma Police Department for possession of cocaine and drug paraphernalia in December 2003. Tubbs was released from his revocation sentence in July 2008.    At the time of his arrest in this

action, June 18, 2014, Tubbs was the lead defendant in an 18-defendant, 31-count Indictment charging drug-trafficking and money laundering offenses including three forfeiture allegations.  He also had charges pending in the Circuit Court of Jefferson County, Alabama (2012) and the District Court of Perry County, Alabama (2013).

Tubbs was indicted and charged with one count of conspiracy to possess with intent to distribute crack cocaine, cocaine, and marijuana; two counts of attempt to distribute cocaine; three counts of attempt to distribute marijuana; one count of conspiracy to commit money laundering; and one count of food stamp fraud.  He pled guilty to conspiracy to possess with intent to distribute controlled substances and money laundering conspiracy (Counts 1 and 27).

At sentencing, Tubbs' total offense level was calculated as 33, his criminal history category was II, and his advisory Sentencing Guidelines range was 151 to 188 months. However, Tubbs was subject to a mandatory minimum sentence of 240 months as to Count 1.  In September 2015, he was sentenced to serve 250 months as to each count, concurrent. A variance sentence outside the advisory Guidelines Range was imposed as to both counts. His convictions and sentences were affirmed on appeal (docs. 723, 726).

In 2020, during the Covid 19 pandemic, Tubbs moved the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or in the alternative for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act (doc. 779). The United States conceded that during the pandemic, Tubbs' chronic kidney disease was a serious medical condition which qualified under U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I) as an extraordinary and compelling reason for compassionate release.  However, the United States opposed release on basis that the relevant factors in 18 U.S.C. § 3553(a) weighed against a reduction in sentence.  Primarily, Tubbs' lengthy criminal history and status as the leader of an extensive drug distribution and money laundering conspiracy involving large amounts of drugs transported between Texas and Alabama.  The Court

considered the nature and circumstances of Tubbs' offenses and his history and characteristics and found that these factors did not weigh in favor a reduction of sentence to time served. 18 U.S.C. § 3553(a)(1) (doc. 801, p. 10). The Court denied his motion upon finding that

> In this circumstance, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1) and (a)(2)(A), (B), & (C).

(Doc. 801, p. 10).  Tubbs' motion for reconsideration was denied (doc. 819).

Tubbs is now 57 years old.  He is incarcerated at Lexington Federal Medical Center in Lexington, Kentucky.  According to the Bureau of Prisons website, his release date is June 10, 2031.

### II. Procedural requirements

Pursuant to 18 U.S.C. § 3582(c)(1)(A), before the Court may decide a motion pursuant to this statute, defendants must either 1) ask the Bureau of Prisons to bring a motion on their behalf and then, if the BOP fails to do so, exhaust their administrative rights to appeal the failure or 2) ask the warden of the defendant's facility to file a motion on their behalf and then file their motion more than 30 days after the warden receives the request.

Tubbs argues that the administrative exhaustion requirements are either met or are moot.[1] Tubbs states that William Evans and Lacamie Smith jointly submitted a request to the Warden on his behalf (doc. 852, p. 8). Tubbs provides a copy of the letter to the Warden sent by Smith and Evans (doc. 852-1, p. 2).  They asked the Warden to consider Tubbs for Compassionate Release and/or Home Confinement placement.  The Warden denied the request on February 27, 2025.  In

---

[1] Tubbs argues that the exhaustion requirement is moot because the Bureau of Prisons has not promulgated a Program Statement with guidance from the November 1, 2023 Policy Statement.

the denial letter, the Warden states that he received the request on February 11, 2025 (Id., p. 3. 6). Tubbs' Motion was timely filed on May 31, 2025,[2] more than 30 days after that date. Thus, he has met this requirement.

III. Motion for Compassionate Release or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." United States v. Handlon, 97 F.4th 829, 831 (11th Cir. 2024) (quoting 18 U.S.C. § 3582(c)); see also United States v. Giron, 15 F.4th 1343, 1345 (11th Cir. 2021). Title 18 U.S.C. § 3582(c)(1)(A)(i) "authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction; and (3) awarding a sentence reduction 'wouldn't endanger any person or the community'." United States v. Ratliff, 2024 WL 4371658, at *3 (11 Cir. 2024) (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)). Additionally, § 3582(c)(1)(A)(i) requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

Overall, "[i]f the district court finds that a movant failed to satisfy even one of these requirements" – requirements (1), (2), and (3) listed above and consistency with the Policy

---

[2] See Houser v. United States, 808 Fed. Appx. 969, 971 (11th Cir. 2020) ("Under the prison mailbox rule, a *pro se* prisoner's § 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing" and "absent evidence to the contrary," the district courts may "assume that a prisoner delivered a filing to prison authorities on the date he signed it.") (citations omitted).

4

Statement – "it cannot grant relief and need not analyze the remaining requirements." Ratliff, 2024 WL 4371658, *3 (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021)).

A. Lack of proper medical care

As grounds for compassionate release, Tubbs argues that he "is suffering from incurable, progressive condition(s) which impair his ability to provide self-care in a correctional setting, and are made worse by poor care provided by the Bureau, which will be best treated outside of a correctional setting" (doc. 852, p. 8). He argues that he is not receiving specialized, adequate, or timely medical care for his Stage 3 chronic kidney disease, hypertension, hydrocele, mental health and other medical conditions. He argues that because of reductions of budget and staff, the BOP is not capable of providing the level of medical care he needs. He also argues that the BOP has misclassified the level of care for his chronic kidney disease and consequently, his condition worsened and he is not assigned to a facility that can address his medical care needs. (Id., p. 8-9).

The Policy Statement indicates that an extraordinary and compelling reason for compassionate release exists if the "defendant is suffering from a medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" U.S.S.G. § 1B1.13(b)(1)(C). However, at the time Tubbs filed his Motion, he was imprisoned at FCI Oakdale in Oakdale, Louisiana. The Bureau of Prisons website indicates that Tubbs is now imprisoned at Federal Medical Center Lexington. Thus, Tubbs appears to have been transferred to a medical center which should be equipped to treat his multiple medical conditions. Tubbs has not supplemented his Motion to argue that FMC Lexington is not adequately treating his medical conditions. Accordingly, to the extent that his Motion is based on lack of proper medical care, the Motion is denied.

B. Family circumstances

As grounds for compassionate release, Tubbs argues that his daughter died and her two sons, his grandsons, no longer have a caregiver (doc. 852, p. 4, 7, 10-11).[3] Tubbs argues that his grandsons are in the "temporary custody" of their grandmother Lacamie Smith but she "struggles to care for these boys as a single grandparent" (Id., p. 10).

The Policy Statement indicates that the "death or incapacitation of the caregiver" of an "immediate family member" such as a "grandchild", "when the defendant would be the only available caregiver for such family member" may qualify as an extraordinary and compelling reason for compassionate release.  U.S.S.G. § 1B1.13(b)(3)(A)&(D).  However, Tubbs does not provide any evidence that he is the "only available caregiver" for his grandsons.  To the contrary, Lacamie Smith writes that raising her grandsons on her own is difficult and challenging but she does not indicate that she cannot care for them (doc. 851). Instead, she writes that Tubbs "would be able to participate in their lives" as a "fatherly figure", and that his "available help would be most welcome in [her] home" (Id.. Accordingly, to the extent that Tubbs' Motion is based on lack of any available caregiver for his grandsons, the Motion is denied.

C. Change in the law

Tubbs argues that he is "serving an unusually long sentence, where his offense of conviction now carries a reduced mandatory minimum sentence; granting of relief would remediate an existing disparity between the sentence he is currently serving and the sentence likely to be imposed for the same offense conduct today, weighs in favor of granting relief" (doc. 852, p. 11).  Tubbs argues that

---

[3] Tubbs argues that this family circumstances fall within U.S.S.G. § 1B1.13(b)(5) as "similar in gravity" to the circumstances listed in Paragraph (b)(3).  Paragraph (b)(5) states that an extraordinary and compelling reason for compassionate release exists when the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  However, Paragraph (b)(3), defining family circumstances, specifically includes "grandchild" as an "immediate family member". U.S.S.G. § 1B1.13(b)(3)(D). Thus, Tubbs need not rely on Paragraph (b)(5).

the First Step Act of 2018 lowered the mandatory minimum sentence for his offense of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1)(A), from twenty years to fifteen years.  He argues that "[a]ccounting for the 4% upward variance from the earlier 20-year mandatory minimum sentence … [he] is currently serving a sentence which is five years longer" than a sentence likely to be imposed today for similar conduct.  He argues that he has served more than ten years of his sentence, and is eligible for consideration under U.S.S.G. § 1B1.13(b)(6).

In 2018, Section 401 of the First Step Act amended the statutory minimum sentence from 20 years to 15 years for a defendant who had a prior serious drug felony conviction, such as Tubbs. 21 U.S.C. § 841(b)(1)(A) (2018).  The amendment was not retroactive to defendants who had already been sentenced.  See Section 401(c), Pub. L. No. 115-391, 132 Stat. 5194. ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").  Since Tubbs had been sentenced in 2015, the amendment did not apply to him.

In 2023, the United States Sentencing Commission amended the Policy Statement for reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) to include Paragraph (b)(6), which provides that that an extraordinary and compelling reason for a reduction of sentence exists if the movant shows the following circumstance:

> (6) Unusually Long Sentence. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The inclusion of Paragraph (b)(6) in the Policy Statement provided a method by which defendants like Tubbs could try to establish an extraordinary and compelling reason for a reduction of sentence based on a "change in the law" – the First Step Act's amendment to the penalty provision found in 21 U.S.C. § 841(b)(1)(A) – if multiple other conditions were met.  However, the Supreme Court's decision in Rutherford v. United States, 146 S. Ct. 1320 (2026) and the Eleventh Circuit's decision in United States v. Chineag, 2026 WL 1906965 (11th Cir. July 2, 2026), preclude Tubbs' argument.

In Rutherford, the Supreme Court held that Paragraph (b)(6) is invalid when the movant relies upon a nonretroactive change in statutory sentencing law. Rutherford, 146 S. Ct. at 1335. Specifically, a non-retroactive change to 18 U.S.C. § 924(c) made by the First Step Act of 2018.[4] Rutherford was sentenced to a total sentence of 42 years with his "two § 924(c) counts earn[ing] "him a 32-year minimum sentence" Id. at 1327. The Supreme Court stated that had Rutherford been sentenced today "his mandatory minimum under § 924(c) would have been much shorter: 14 years for Rutherford" Id. at 1328.

Resolving a circuit split, the Supreme Court explained that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer that it would have been post amendment is not an 'extraordinary and compelling reason[n]' that 'warrant[s]' a sentence reduction. ... Insofar as the Commission's amended policy statement

---

[4] The relevant change was the elimination of § 924(c)'s 25-year consecutive or stacked sentencing requirement for first time offenders.  Now, a 25-year consecutive sentence is required only when the defendant's "violation … occurs after a prior conviction" for a § 924(c) offense "has become final." 18 U.S.C. § 924(c).

maintains otherwise, it conflicts with the statute." Rutherford, 146 S. Ct. at 1330.  The Supreme Court affirmed the court of appeals decision to deny Rutherford's motion for reduction of sentence.[5]

In Chineag, the defendant relied upon an amendment to the Controlled Substances Act by the First Step Act of 2018 which changed "the kinds of prior offenses that would trigger an enhanced penalty under 21 U.S.C. § 841(b)(1)(A)." Chineag, 2026 WL 1906965, at *3 (citing First Step Act of 2018, Pub. L. No. 115–391, § 401(a), 132 Stat. 5194, 5220–21.). The Eleventh Circuit explained that "[a]fter the change, Chineag's prior felony drug possession convictions would not trigger a higher statutory penalty, effectively reducing the minimum sentence for a defendant with his criminal history from life in prison to 10 years." Id.  The Eleventh Circuit affirmed the denial of Chineag's motion for reduction of sentence, explaining that the "disparity between Chineag's sentence and the sentence he likely would receive today 'is an unexceptional feature of a system in which nonretroactivity is the default'; it cannot make him eligible for compassionate release." Chineag, 2026 WL 1906965, at *3 (quoting Rutherford, 146 S. Ct. at 1330, 1335).

The change in the law upon which Tubbs relies is likewise a non-retroactive change to a sentencing statute.  In the First Step Act of 2018, Congress amended the Controlled Substances Act to lower the statutory minimum penalty for a defendant who had a prior qualifying felony drug conviction from twenty years to fifteen years.  First Step Act of 2018. § 401, Pub. L. No. 115-391, 132 Stat. 5194, 5220-21. And, the amendment was not made retroactive to defendants like Tubbs who had been sentenced before the 2018 effective date of the Act. Id., § 401(c).  Accordingly, for the reasoning set forth in Chineag and Rutherford, the Court finds that Tubbs has failed to establish an extraordinary and compelling reason for a reduction of sentence or compassionate release.

---

[5] Rutherford was combined on appeal with Carter v. United States, as with Rutherford, the denial of Carter's motion for reduction of sentence was affirmed.  Carter had been sentenced to a total term of 70 years with 57 years resulting from his stacked § 924(c) convictions.  Rutherford, 146 S. Ct. at 1327. The Supreme Court explained that if he were sentenced today, his sentence would have been 21 years. Id. at 1328.

D. Evaluation of other factors

Because Tubbs fails to show an extraordinary or compelling reason for a reduction of sentence or compassionate release, the Court need not address whether his release would be a danger to the safety of any person or the community, or consider the relevant factors under 18 U.S.C. § 3553, or his rehabilitation efforts. Ratliff, 2024 WL 4371658 at *3 (citing v. Giron, 15 F.4th at 1347–48) ("If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements.")

IV. Conclusion

Since Tubbs fails to show extraordinary and compelling reasons which would warrant a reduction of sentence, his Motion is denied.

**DONE** and **ORDERED** this the 13th day of July 2026.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

10